# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| PETER ANTHONY GRANDPRE, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-1541 |
| NEWELL NORMAND, ET AL. | CHIEF UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

This matter is before the Court on consent of the parties under 28 U.S.C. § 636(c). On December 26, 2017, the plaintiff, Peter Anthony Grandpre, Jr., was ordered to, on or before January 10, 2018, either provide a proper address for the defendant Henry Sill or show cause why his claims against Sill's should not be dismissed for failure to serve Sill within the 90 days allowed under Fed. R. Civ. P. 4(m). Grandpre has not responded to the Court's order by January 10, 2018.

### I. Factual and Procedural Background

The pro se plaintiff, Peter Anthony Grandpre, Jr., filed this 42 U.S.C. § 1983 civil rights complaint on February 17, 2016, against numerous defendants, including claims of excessive force by defendant initially identified by plaintiff as Deputy H. Sill or Deputy Harry Sill. The Court, not the plaintiff, eventually determined with the assistance of defense counsel that the proper name of the intended defendant was Henry Sill, a former Jefferson Parish Sheriff's Deputy.[1] The Clerk of this Court has issued summons to Sill on three occasions, once at the original address provided by Grandpre and twice at Sill's last known address obtained by the Court from the Jefferson Parish Sheriff's Office.[2] Each of the attempts by the United States Marshal's Service to execute service

---

[1] Rec. Doc. Nos. 1, 8.

[2] Rec. Doc. Nos. 6, 44, 46, 47, 52.

upon Sill in this pauper case have been to no avail.[3] Grandpre has not provided and the Court has been unable to locate a proper address for former Deputy Henry Sill. Grandpre cannot provide the Court with proof of service and former Deputy Henry Sill has not made an appearance in the case.

## II.     Analysis

At the time of the filing of this complaint, Fed. R. Civ. P. 4(m) provided that service must be made within 90 days of the filing of the complaint. In this case, summons were issued by the Clerk of Court, and the Marshal was unable to complete service with the incomplete name and address information provided by the plaintiff and later obtained by the Court.

Grandpre also has not responded to the Court's Show Cause Order or otherwise contacted the Court to move this case forward. Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, was responsible for any delay or failure to comply with a rule or order. *See Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385-86 (5th Cir. 1978).

Grandpre is not represented by counsel and is solely responsible for his failure to comply with the Court's orders and the Federal Rules of Civil Procedure. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules and court orders has the

---

[3]Rec. Doc. Nos. 9, 51, 53.

burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593. In this case, Grandpre failed to respond to the Court's Show Cause Order or assist in attaining service on this defendant. He therefore has failed to comply with both Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b). Because Grandpre has caused unnecessary delay in the progress of this action, including the continuance of trial, and has failed to perfect service, his complaint against Sill should be dismissed with prejudice. *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *see also*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Rule 41(b) dismissal is with prejudice "when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available.").

Accordingly,

**IT IS ORDERED** that Grandpre's § 1983 claims against the defendant, former Jefferson Parish Deputy Henry Sill, be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

New Orleans, Louisiana, this 2nd day of February, 2018.

                                         **KAREN WELLS ROBY**
                            **CHIEF UNITED STATES MAGISTRATE JUDGE**