# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER ANTHONY GRANDPRE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1541** |
| **NEWELL NORMAND, ET AL.** | **CHIEF UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

The plaintiff, Peter Anthony Grandpre, Jr., filed a **Motion for Appointment of Counsel (Rec. Doc. No. 63)** in which he requested appointment of counsel to assist him in this *pro se* and *in forma pauperis* proceeding pursuant to 42 U.S.C. § 1983 in which he asserts that he was injured by deputies and medical personnel in the Jefferson Parish Correctional Center.

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). Grandpre's case is not an exceptional one under these factors and presents no circumstances that would require appointment of counsel even with the impending trial.

As the Court has previously noted and despite Grandpre's assertions, the issues in this case are not complex and Grandpre has demonstrated his ability more than adequately understand and convey the facts of his case without assistance of counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil

rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While Grandpre may not be trained in the law, he has repeatedly demonstrated the ability to express his factual and legal arguments and to understand the issues involved in his case, even having asked for clarification and reconsideration of several of the Court's orders.

The Court also notes that, since his last unsuccessful request for appointed counsel,[1] the issues in this case have been streamlined and do not require that Grandpre has any special skill in presenting evidence of the alleged use of excessive force against him and/or the failure to intervene in the alleged use of force. Grandpre has repeatedly shown his ability to this.

Furthermore, if Grandpre has witnesses to be subpoenaed for trial, he may provide the names, addresses, and their intended testimony to the Court in writing, and his request for issuance of trial subpoenas will be considered if timely filed. Grandpre should note, however, that even if the Court were inclined to issue his requested trial subpoenas, service of a trial subpoena under Fed. R. Civ. P. 45 must include the tendering of the first day's $40 attendance fee and any travel and estimated mileage expenses, unless the witness being subpoenaed is incarcerated. Fed. R. Civ. P. 45(b)(1); 28 U.S.C. § 1821(b), (c). Although Grandpre is proceeding as a pauper pursuant to 28 U.S.C. § 1915, the pauper statute does not authorize the Court to waive the statutory witness fees required by Rule 45 and § 1821. *Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *Hodge v. Prince*, 730 F. Supp. 747 (N.D. Tx. 1990), *aff'd*, 923 F.2d 853 (5th Cir. 1991); *Jones v. Johnson*, No. 09-3666, 2010 WL 3923163, at *3 (E.D. La. Sep. 27, 2010).

---

[1]Rec. Doc. Nos. 19, 22.

The record in this case and Grandpre's demonstrated abilities to present his case and understand the proceedings do not demonstrate a need for the appointment of counsel under the foregoing precedent. Accordingly,

**IT IS ORDERED** that Grandpre's **Motion for Appointment of Counsel (Rec. Doc. No. 63)** is **DENIED**.

New Orleans, Louisiana, this  21st  day of June, 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**