# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER ANTHONY GRANDPRE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1541** |
| **NEWELL NORMAND, ET AL.** | **CHIEF UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

The *pro se* plaintiff, Peter Anthony Grandpre, filed a pleading entitled **Objection to Response (Rec. Doc. No. 74)** in which provides objections to the "disclosures" he apparently received from unidentified defendants pursuant to Fed. R. Civ. P. 26. He does not seek any particular relief from the Court and instead notes his objections to the defendants' responses.

As directed in the Court's Revised Scheduling Order,[1] this *pro se* action is exempted by statute from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(B). There is no reason for the parties to be exchanging initial disclosures or for the Court to be notified of their dispute without a disclosure plan in place under Rule 26.

Furthermore, Grandpre also seeks no particular relief from the Court in his pleading. To the extent he challenges the defendants' discovery responses under Fed. R. Civ. P. 37, the Court does not become involved in discovery disputes without a properly filed motion to compel. Rule 37 allows a party in certain circumstances to move for an order compelling discovery from another party and provides for sanctions for a party's failure to cooperate in discovery. In particular, Rule 37(a)(3)(B)(iii)-(iv) allows a party seeking discovery to move for an order compelling production of documents where a party "fails to produce documents." In addition to alleging that the

---

[1] Rec. Doc. No. 57.

responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). To the extent his pleading could be construed as a motion to compel, Grandpre has not provided the required information necessary for the Court to consider such a motion.

Grandpre does not indicate that the purported discovery was actually or properly served upon a particular defendant or counsel for a defendant. He does not indicate that he has notified the defendants or counsel of his discontent with the responses. He also has not certified that he conferred or attempted to confer with the defendants or counsel as required by Rule 37(a)(1).

Generally, a *pro se* litigant is <u>not</u> exempt from compliance with relevant rules of procedural and substantive law. *Maloney v. State Farm Fire & Casualty, Co.*, No. 06-9183, 2008 WL 1850774, at * 2 (E.D. La. Apr. 23, 2008) (order adopting report and recommendation) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance of the law. *Id.*, at *2 (citing *Birl*, 660 F.2d at 593). Grandpre has not shown good cause or excuse for his failure to properly execute a motion to compel. Accordingly,

**IT IS ORDERED** that to the extent it seeks any relief from the Court, Grandpre's **Objection to Response (Rec. Doc. No. 74)** is **DENIED**.

New Orleans, Louisiana, this  21st  day of June, 2018.

  **KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**